UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KENAN THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>    Defendant. | Case No. 23-cv-01370-LB<br><br>**ORDER SCREENING COMPLAINT AND IDENTIFYING DEFICIENCIES**<br><br>Re: ECF No. 22 |

**INTRODUCTION**

The plaintiff Kenan Thompson, who represents himself and is proceeding in forma pauperis, sued the Navy Federal Credit Union over a car loan that the parties entered into on July 20, 2022. The court previously issued orders instructing the plaintiff to say plainly what happened.[1] The plaintiff then filed a Third Amended Complaint. Based on those allegations, the plaintiff has not stated viable claims for defamation, fraud, and a violation of the Equal Credit Opportunity Act but has otherwise stated claims that merit service by the U.S. Marshal. The court can reconsider this conclusion with the benefit of briefing by the defendant. The court directs the U.S. Marshal to serve the defendant with the complaint, this order, and the full docket.

---

[1] Orders – ECF Nos. 12, 21. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-01370-LB

## STATEMENT

The plaintiff "entered into a consumer credit transaction with defendant on July 20, 2022 for a car loan in the amount of $19,137.48."[2] The plaintiff had a somewhat related lawsuit against CarMax that provides context. CarMax sold him his car. First Am. Compl., *Thompson v. CarMax*, No. 23-cv-01364-AMO – ECF No. 7. It appears that the plaintiff obtained a refund from CarMax but was "told by managers at the store that they would not refund the money back to him, but instead the refund would go back to Navy Federal." R. &. R., *id.*, 2023 WL 4034215, at *2 (discussing the bases for the plaintiff's claim of fraud), *adopted*, *id.* – ECF No. 17.

In this case, the allegations are as follows. The defendant allegedly did not give him proper disclosures or notice of his rights: it did not say "who the creditor was [or] what rescission rights [the plaintiff] had" and it "never listed in the contract the claims and defenses that could be brought."[3] It sent him "harass[ing]" mail and emails to collect the debt that threatened to report him to credit-reporting agencies due to late payments.[4] It "then reported this fraudulent debt along with the plaintiff's history of employment and [his] social security number . . . without giving any disclosures that [the defendant] would do this or how the plaintiff could" prevent it.[5] The plaintiff had the debt removed from this credit report but then the defendant "placed it back on his credit report without checking and verifying that the information was correct."[6] This was allegedly purposeful "to try and get payment from the plaintiff, discourage him from getting credit anywhere else, and discourage other companies from giving him credit."[7]

The complaint has eight claims: (1) violation of the Truth in Lending Act; (2) violation of the Fair Debt Collection Practices Act (for abusive debt-collection practices in the form of saying that the plaintiff would be reported to consumer-reporting agencies, not verifying the debt, and then

---

[2] Third Am. Compl. (TAC) – ECF No. 22 at 3 (¶ 6).

[3] *Id.* at 4 (¶ 7).

[4] *Id.* at 4 (¶¶ 9, 11), 5 (¶ 15).

[5] *Id.* at 5 (¶ 12).

[6] *Id.* (¶ 14).

[7] *Id.* at 5 (¶ 16).

reporting him); (3) violation of the Gramm-Leach-Bliley Act (by sharing the plaintiff's personal information with other companies); (4) violation of the Fair Credit Reporting Act (for reporting a false debt without verifying or investigating the loan); (5) violation of 16 C.F.R. § 433.2 (for not providing notice of potential claims and defenses); (6) violation of the Equal Credit Opportunity Act (by threatening to report the plaintiff for late payment when he asked for verification of the debt); (7) defamation (by "intentionally reporting fraudulent information about an alleged car loan debt . . . on the plaintiff's [credit] report"); and (8) fraud (for tricking the plaintiff into agreeing to a car loan despite not actually giving him a loan).[8] He asks for $2.235 million (allegedly the amount of penalties in the aggregate) plus punitive damages, an updated consumer-credit report to show that he paid his loan and to delete the late-payment history, a release of the lien on his car, and delivery to him of clear title to the car.[9]

The court has federal-question jurisdiction under 28 U.S.C. § 1331. The court previously granted the plaintiff's motion to proceed in forma pauperis.[10] The plaintiff consented to magistrate judge jurisdiction under 28 U.S.C. § 636.[11]

### STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii)

---

[8] *Id.* at 7–16 (¶¶ 20–59).
[9] *Id.* at 17 (¶ 60).
[10] Order – ECF No. 6.
[11] Consent – ECF No. 5.

parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed

factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions;" a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

### 1. Truth in Lending Act (TILA)

The plaintiff claims that the defendant violated TILA by not disclosing the creditor or the plaintiff's rescission rights. TILA requires such disclosure. *See, e.g.*, *Morris v. Bank of Am.*, No. C 09–2849 SBA, 2010 WL 761318, at *2–3 (N.D. Cal. Mar. 3, 2010) (citing 15 U.S.C. § 1635(a)). Thus, at least without the benefit of briefing by the defendant, the plaintiff's TILA claim is viable.

**2. Gramm-Leach-Bliley Act**

The plaintiff claims a violation of the Gramm-Leach-Bliley Act in the form of the defendant's disclosing his social-security number and employment history to credit-reporting agencies. The order in the related case advised the plaintiff about claims under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, implicating the right to financial privacy. The Act does not contain a private right of action. *BGC, Inc. v. Bryant*, No. 22-cv-04801-JSC, 2023 WL 4138287, at *2 (N.D. Cal. June 21, 2023). But there are potential privacy claims under the California Financial Information Privacy Act, Cal. Fin. Code § 4052.5. *Id.* Section 4052.5 "prohibit[s] financial institutions from disclosing nonpublic personal information with 'nonaffiliated third parties.'" *Park v. Wells Fargo Bank*, No. C 12-2065 PJH, 2012 WL 3309694, at *4 (N.D. Cal. Aug. 13, 2012). "Nonpublic personal information" is information obtained by the financial institution and "does not include publicly available information that the financial institution has a reasonable basis to believe is lawfully made available to the general public." Cal. Fin. Code § 4052(a).

Given the nonpublic nature of the information allegedly disclosed, this claim under § 4052.5 (again, at least without the benefit of briefing by the defendant) is viable.

**3. Fair Debt Collection Practices Act (FDCPA) and California's Rosenthal Act**

The FDCPA and California's Rosenthal Act both govern debt collection.

To prevail on an FDCPA claim, the plaintiff must establish the following: "(1) the plaintiff is a 'consumer' under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) the defendant is a 'debt collector' under 15 U.S.C. § 1692a(6); and (4) the defendant violated one of the provisions contained in 15 U.S.C. §§ 1692a-1692o." *Wheeler v. Premiere Credit of N. Am., LLC*, 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)). The Act "imposes liability only when an entity is attempting to collect debt." *Ho v. ReconTrust Co.*, 858 F.3d 568, 571 (9th Cir. 2017) (citing 15 U.S.C. § 1692(e)).

A "debt collector" includes any person (1) "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any

debts," (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," or (3) who is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

To state a claim for a violation of the Rosenthal Act, a plaintiff must allege that (i) the plaintiff is a "debtor," (ii) the debt at issue is a "consumer debt," (iii) the defendant is a "debt collector," and (iv) the defendant violated a provision of the Act. Cal. Civ. Code § 1788.10; *Ansari v. Elec. Document Processing Inc.*, No. 5:12-cv-01245-LHK, 2013 WL 4647621, at *11 (N.D. Cal. Aug. 29, 2013). The Rosenthal Act also incorporates sections 1692b through 1692j of the federal Act and requires that every debt collector abide by those provisions. Cal. Civ. Code § 1788.17; *Fitzgerald v. Bosco Credit, LLC*, No. 16-cv-01473-MEJ, 2017 WL 3602482, at *8 (N.D. Cal. Aug. 21, 2017).

Importantly, the "FDCPA's definition of debt collector does not include the consumer's creditors," unless the creditor used a name other than its own in collecting the debt. *Gieseke v. Bank of America, N.A.*, No. 13-cv-04772-JST, 2014 WL 718463, at *5 (N.D. Cal. Feb. 23, 2014). But a creditor can be a "debt collector" under the Rosenthal Act. *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1090 (N.D. Cal. 2015).

Here, the FDCPA claim and (liberally construing the complaint) the Rosenthal Act claim are viable. At a minimum — and the court stresses for a third time that this is without the benefit of further briefing — the plaintiff alleges that the defendant did not disclose the creditor. 15 U.S.C. § 1692g(a)(2) (the debt collector must disclose "the name of the creditor to whom the debt is owed").

4. **Fair Credit Reporting Act (FCRA)**

"Congress enacted the Fair Credit Reporting Act 'in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). To ensure that credit reports are accurate, the FCRA imposes duties on the sources — called "furnishers" in the statute — that provide credit information to the credit-reporting agencies. *Id.* Certain obligations are triggered "upon notice of dispute." *Id.* If a

consumer-reporting agency notifies a furnisher that the consumer disputes the information, then the furnisher must:

>   (A) conduct an investigation with respect to the disputed information;
>
>   (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
>   (C) report the results of the investigation to the consumer reporting agency;
>
>   (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
>   (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the investigation promptly—
>
> >   (i) modify that item of information;
> >
> >   (ii) delete that item of information; or
> >
> >   (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1); *see Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 944 (N.D. Cal. 2016). The FCRA creates a private right of action for both negligent and willful noncompliance with this requirement. *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. §§ 1681n–1681o).

With the usual caveat, this claim is viable because the plaintiff alleges an inadequate investigation after his disputing the debt.

**5.   16 C.F.R. § 433.2**

16 C.F.R. § 433.2 is an FTC rule called the "Holder Rule." It requires sellers to include in their consumer contracts a notice that any holder of the contract is subject to whatever claims or defenses the debtor could assert against the seller. It is "an unfair or deceptive act or practice" for a seller to (a) "[t]ake or receive a consumer credit contract" or (b) "accept . . . the proceeds of any purchase money loan" if the contract does not have the notice. 16 C.F.R. § 433.2(a)–(b); *Kilgore v. Keybank, N.A.*, No. 08-02958-TEH, 2009 WL 4981131, at * 2 (N.D. Cal. Dec. 16, 2009).

The plaintiff alleges that the defendant did not notify him of potential claims and defenses. The court allows the claim at the screening-order stage.

### 6. Equal Credit Opportunity Act

The plaintiff contends that the defendant violated the Equal Credit Opportunity Act by threatening to report him to credit-reporting agencies when he asked for verification of the debt. The Act provides that a creditor cannot discriminate against any applicant with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract), (2) because all or part of the applicant's income derives from any public-assistance program, or (3) because the applicant has in good faith exercised any right under the chapter. 15 U.S.C. § 1691(a).

Despite opportunities to do so, the plaintiff has not adequately alleged discrimination. For example, he has not alleged (other than in conclusory fashion) that he was discriminated against because of his asking for debt verification. Instead, the allegations are that he was reported to the credit-reporting agencies both before and after his asking for verification. The claim is not viable.

### 7. Defamation

The plaintiff claims defamation in the form of the defendant's false statements to credit-reporting agencies. The elements of a claim for defamation under California law are (1) an intentional publication, (2) that is false, (3) defamatory, and (4) unprivileged, and (5) that has a natural tendency to injure or that causes special damage. *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007). But defamation claims are preempted by the Fair Credit Reporting Act when they concern a furnisher's allegedly false reporting to a credit-reporting agency. *Khankin v. JLR San Jose, LLC*, No. 3:23-cv-06145-JSC, 2024 WL 1120118, at *3–5 (N.D. Cal. Mar. 14, 2024) (discussing various approaches to this preemption question and adopting the "total preemption approach") ("Plaintiffs' defamation claim . . . is therefore preempted by 15 U.S.C. § 1681t(b) because the claim is 'with respect to . . . subject matter regulated under . . . section 1681s-2.'"). The clam is not viable.

**8. Fraud**

Finally, the plaintiff claims fraud. The elements of fraud are (1) a misrepresentation, (2) knowledge of falsity, (3) an intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Fraud allegations elicit a more demanding standard than the ordinary Rule 12(b)(6) standards set forth in the "Standard of Review" section. Rule 9(b) provides: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *See, e.g., In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (cleaned up); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer").

The plaintiff has had multiple opportunities to allege fraud specifically but has not done so. He instead alleges in a conclusory manner that he was tricked into the contract in question. The allegation that he didn't know he was entering into a loan is contradicted by the allegation that he entered into a "consumer credit transaction" with the defendant. The claim is not viable.

## CONCLUSION

The claims for defamation, fraud, and a violation of the Equal Credit Opportunity Act are not viable but the other claims merit service by the U.S. Marshal. The court directs that service. This resolves ECF No. 22.

**IT IS SO ORDERED.**

Dated: September 3, 2024

LAUREL BEELER
United States Magistrate Judge